IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:09-cv-559

KIMBLY C. BUFFORD,

Plaintiff,

v.

EMBARQ MANAGEMENT COMPANY,

Defendant.

**AMENDED COMPLAINT**
**(Jury Trial Demanded)**

## I. Introduction and Jurisdiction

1. This is an action seeking legal, equitable and declaratory relief under the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* as amended ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the common law and public policy of the State of North Carolina. Plaintiff's claim arises from discrimination based on her race.

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343, this being a proceeding seeking to enforce rights and remedies secured in Section 1981. Jurisdiction is also conferred upon this court by 28 U.S.C. § 1331.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 2001 and 2002, this being an action for declaratory judgment declaring illegal the acts of Defendant complained of herein violating rights secured to the Plaintiff by Title VII, and Section 1981.

4. Jurisdiction is further invoked pursuant to 28 U.S.C. § 1367, this being an action also challenging Defendant's unlawful acts under the common law and public policy of North Carolina, N. C. Stat. § 143.422.2 and Section 1981.

**II. Parties**

5. Plaintiff, Kimbly C. Bufford, is an African American, United States citizen and resident of Goldston, Chatham County, North Carolina.

6. Embarq Management Company is a Delaware corporation authorized and doing business in the State of North Carolina.

7. Embarq Management Company is an employer within the meaning of Title VII.

**III. Facts**

8. In 2006, Plaintiff was an employee of SunState Land Services and was contracted to work for Embarq Management Company at its Wake Forest, North Carolina facility. She was assigned to the Embarq Real Estate Group as a Project Coordinator.

9. As a Project Coordinator, Plaintiff was responsible for overseeing acquisition of easements for Defendant's field team prior to installation of cable or other equipment on the property.

10. In March of 2007, Jim Skipper, a Real Estate Manager II, resigned his position with Defendant which created a vacancy in that position.

11. After Skipper's resignation, Plaintiff and another employee, Jullian L. Rodgers, took over his work load and Plaintiff gained approximately nine months of hands-on experience in handling the job duties of a Real Estate Manager II.

12. The Real Estate Manager II position was posted on or about December 6, 2007 by Defendant.

13. Upon recommendation by John Weldon, an employee of Defendant, on December 7, 2007, Plaintiff submitted her résumé and cover letter to Jennie Freeman, Recruiter, in order to formally apply for the position. On the same day, Plaintiff received a referral receipt from Defendant's Human Resources Department which informed her that another employee, Jillian L. Rodgers, had referred her for the position.

14. On or about January 10, 2008, Plaintiff received an e-mail from James B. Farris, Real Estate Manager and the person responsible for filling the position, in which he scheduled an interview for Plaintiff for the Real Estate Manager II position. The interview was held telephonically on January 14, 2008 with Farris and Monica A. Megyesi, a Real Estate Manager II with Defendant.

15. During the interview, Plaintiff was informed that there were more than eighty applicants for the Real Estate Manager II position and that she was one of three applicants chosen for the interview process. Plaintiff later learned that the other two applicants chosen for the interview process were Carol Clocky and Cathy Breedlove, both white females.

16. On or about February 8, 2008, Plaintiff was informed by Clocky that she had been offered the Real Estate Manager II position but declined the offer because of the salary. Plaintiff also spoke with Breedlove and she, too, informed Plaintiff that she was offered the position but declined because of the salary.

17. On or about February 14, 2008, Plaintiff learned that Penny Wilson, a white female employee of the company, who had not applied for the position, was assigned to the Real Estate Manager II position by Farris.

18. Plaintiff spoke with Farris about the filling of the position and he explained to her that he decided to put Penny Wilson in the position which was an internal rotational developmental move to save money. During the conversation, Farris told Plaintiff that her interview was great and that she had all the necessary qualifications for the position; he later told Plaintiff that putting Penny Wilson in the Real Estate Manager II position was his decision and that they needed to move on.

19. Subsequently, Plaintiff spoke with various employees of Defendant to inquire about the internal rotational developmental move policy but no one, including the Human Resources Department, was aware of the policy.

20. Plaintiff alleges and believes that she was passed over for the Real Estate Manager II position solely because of her race.

**IV. <u>Claim for Relief – Race Discrimination</u>**

21. Plaintiff realleges and incorporates all preceding paragraphs by reference.

22. Plaintiff was discriminated against when she was passed over for the Real Estate Manager II position by defendant solely because of her race.

23. Plaintiff was interviewed for the position and she met the perquisites for the position and was clearly among the three most qualified applicants for the position.

24. By the racially disparate actions described herein, the Defendant discriminated against the Plaintiff on the basis of her race in failing offer her the position of Real Estate Manager II. Similarly situated white females were not treated in this

manner. Defendant's actions and omissions violate Title VII, Section 1981 and the common law and public policy of the State of North Carolina, and were undertaken willfully, wantonly, and with reckless disregard for the Plaintiff's rights, entitling her to compensatory and punitive damages in excess of $10,000.

## V. Exhaustion of Administrative Remedies

25. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's EEOC charge number is 433-2008-05460, filed on May 6, 2008, alleging race discrimination. The EEOC found cause and issued a right-to-sue notice. Plaintiff is filing this action within ninety days of receipt of the right-to-sue notice. Plaintiff has complied with all jurisdictional requirements of Title VII and has exhausted administrative prerequisites before initiating this action.

## VI. Damages

26. As a result of the discrimination herein, Plaintiff has suffered loss of past, present and future earnings, loss of enjoyment of life, mental anguish and distress and other economic and monetary losses.

27. Plaintiff has been irrevocably injured by the discriminatory actions complained of herein. The injuries that Plaintiff suffered should be enjoined by this court. Plaintiff has no other adequate or complete remedy other than this proceeding to have actions and practices of Defendant as complained of herein remedied.

## VII. Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

## VIII. Prayer for Relief

WHEREFORE, Plaintiff prays that the discrimination alleged herein be remedied in full and that the court, after a jury trial:

(1) Declare the action complained of herein to be illegal;

(2) Issue an injunction enjoining Defendant, its agents, its employees, successors, attorneys and those acting in concert or participation with Defendant and at its direction from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of Title VII, Section 1981, and the common law and public policy of North Carolina, N.C. Gen. Stat. §143.422.2;

(3) Award Plaintiff compensatory damages, including damages for mental anguish, harm to Plaintiff's economic relations and opportunities, back pay, front pay and future loss of earnings with cost of living adjustments, and interest;

(4) Award Plaintiff compensatory damages to which she is entitled for the violation of the public policy and common law of the State of North Carolina, N.C. Gen. Stat. §143.422.2;

(5) Award Plaintiff punitive damages for the extreme and outrageous acts taken by Defendant in willfully violating both state and federal law;

(6) Award Plaintiff her costs and expenses in this action, including reasonable attorneys fees, costs and other litigation expenses;

(7) Award Plaintiff the position of Real Estate Manager II or a comparable position with Defendant which she would have enjoyed but for the discriminatory acts of Defendant; and

(7) Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This the 22nd day of June, 2010.

s/Geraldine Sumter
N.C. Bar No: 11107
Ferguson Stein Chambers Gresham
& Sumter, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, North Carolina 28204
Telephone: (704) 375-8461
Facsimile: (704) 334-5654
Email: gsumter@fergusonstein.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **AMEND COMPLAINT,** using the CM/ECF system which will send notification of such filing to counsel for defendant:

Patricia L. Holland
(E-mail address: Patricia.Holland@jacksonlewis.com)

This 22nd day of June, 2010

s/ Geraldine Sumter
N.C. Bar No: 11107
Ferguson, Stein, Chambers, Gresham & Sumter, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, North Carolina 28204
Telephone: 704-375-8461
Facsimile: 704-334-5654
Email: gsumter@fergusonstein.com

Attorney for Plaintiff