IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-559-D

| | |
|---|---|
| KIMBLY C. BUFFORD,                )<br>                                                        )<br>            Plaintiff,                       )<br>                                                        )<br>                                                        )<br>    v.                                               )<br>                                                        )            **ORDER**<br>CENTURYLINK, and EMBARQ       )<br>MANAGEMENT CORPORATION,  )<br>                                                        )<br>            Defendants.                 )  | |

On August 11, 2010, Embarq Management Corporation ("Embarq" or "defendant") filed a motion to dismiss Kimbly C. Bufford's ("Bufford" or "plaintiff") amended complaint [D.E. 22]. In the amended complaint, Bufford seeks relief under Title VII, 42 U.S.C. § 1981, and N.C. Gen. Stat. § 143-422.2 for failure to hire due to her race [D.E. 16].

In analyzing a motion to dismiss for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 563 (2007); Coleman v. Md. Ct. of Appeals, No. 09-1582, 2010 WL 4486748, at *2 (4th Cir. Nov. 10, 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. Ashcroft, 129 S. Ct. at 1949–50; Coleman, 2010 WL 4486748, at *2; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009).

Bufford's claims under Title VII and 42 U.S.C. § 1981 are legally and factually sufficient to state a claim against Embarq. Thus, Embarq's motion to dismiss those two claims is denied. However, Bufford's claim against Embarq under N.C. Gen. Stat. § 143-422.2 does not state a claim upon which relief can be granted. Simply put, N.C. Gen. Stat. § 143-422.2 does not create a private right of action. See, e.g., McLean v. Patten Cmtys., Inc., 332 F.3d 714, 719 (4th Cir. 2003); Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 544 (E.D.N.C. 2008); Roberts v. Wal-Mart Stores, Inc., 503 F. Supp. 2d. 787, 788–89 (E.D.N.C. 2007); Mullis v. Mechs. & Farmers Bank, 994 F. Supp. 680, 687 (M.D.N.C. 1997). Moreover, to the extent that Bufford seeks relief under North Carolina law for the tort of wrongful discharge in violation of public policy and cites section 143-422.2 as the public policy source, the claim fails. The tort requires a discharge. By definition, the tort does not apply to applicants. See, e.g., Garner v. Rentenbach Constructors Inc., 350 N.C. 567, 568–73, 515 S.E.2d 438, 439–42 (1999); Imes v. City of Asheville, 163 N.C. App. 668, 670–71, 594 S.E.2d 397, 398–99, aff'd, 359 N.C. 182, 606 S.E.2d 117 (2004) (per curiam); Ridenhour v. IBM Corp., 132 N.C. App. 563, 568–69, 512 S.E.2d 774, 778 (1999); Gravitte v. Mitsubishi Semiconductor Am., Inc., 109 N.C. App. 466, 472, 428 S.E.2d 254, 258 (1993).

In sum, Embarq's motion to dismiss [D.E. 22] is GRANTED in part and DENIED in part. Bufford's claim under N.C. Gen. Stat. § 143-422.2 is DISMISSED with prejudice. Bufford's claims under Title VII and 42 U.S.C. § 1981 may proceed.

SO ORDERED. This 10 day of December 2010.

JAMES C. DEVER III
United States District Judge